**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kasi M Evans, | No. CV-23-00343-TUC-JGZ (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On April 25, 2024, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation (R&R) recommending the Court remand this matter to the Commissioner of Social Security for the immediate calculation and award of benefits. (Doc. 25.) The Commissioner filed a timely objection and Plaintiff filed a response. (Docs. 26 & 27.) For the following reasons, the Court will adopt the R&R in full and order the case remanded to the agency for the immediate calculation and award of benefits.

**I.   Factual and Procedural History**

The R&R sets forth the factual and procedural history of this case. (Doc. 25 at 2-10.) Because neither party objects to this portion of the R&R, the Court adopts it in its entirety. The Court summarizes below the facts relevant to the Objection.

On July 19, 2019, Evans filed an application for Supplemental Security Income benefits alleging disability beginning July 16, 2019. (*Id*. at 2.) Evans's application was denied initially and on reconsideration. (*Id*.) On February 25, 2022, Administrative Law Judge Yasmin Elias (ALJ) issued an unfavorable decision. (*Id*.) On May, 25, 2023, the

Social Security Administration Appeals Council denied Evans's request for review and adopted the ALJ's unfavorable decision as the agency's final decision. (*Id*.)

In the administrative decision, the ALJ determined that Evans has not engaged in substantial gainful activity since July 26, 2019 (the date of application); suffers from the "severe impairments" of fibromyalgia and systemic lupus erythematosus; and does not suffer from an impairment or combination of impairments that met or equaled a listed impairment. (*Id.* at 9.) The ALJ determined Evans's residual functional capacity (RFC) as follows:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except [the claimant] can lift and carry 10 pounds frequently and 20 pounds occasionally; stand or walk 6 out of 8 hours; sit 6 out of 8 hours; occasionally climb ramps/stairs, balance, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; frequently stoop; and frequently handle and finger. She can work in an environment without frequent exposure to extreme temperatures and no exposure to work hazards. She can understand, remember, and apply simple and detailed but uninvolved instructions; maintain concentration, persistence, and pace to apply such instructions through a workday with regular breaks in between; interact with the public, supervisors and co-workers as long as those interaction are occasionally (sic) and superficial; and adapt to minor changes in a routine work setting.

(*Id*. at 9-10.) The ALJ determined that Evans had no past relevant work and is able to perform other work that exists in significant numbers in the national economy. (*Id*. at 10.)

In her petition for review, Evans presents three arguments: (1) the ALJ failed to explain how she considered both the supportability and consistency factors in rejecting Evans's primary care physician's (PCP) opinion; (2) the ALJ failed to provide clear and convincing reasons for rejecting Evans's symptom testimony; and (3) the ALJ erred in relying on vocational expert testimony in finding that Evans can perform work that exists in the national economy. (*Id*.) Evans requested that the Court exercise its discretion and order remand without a rehearing for an immediate award of benefits under the "credit-as-true" rule. (*Id*. at 26.)

The Commissioner conceded arguments (1), that the ALJ erred by failing to consider the supportability and consistency factors when rejecting Evans's PCP's opinion,

and (3), that the ALJ erred by failing to resolve a conflict between the vocational expert's testimony and the RFC, but argues neither of the errors permit the Court to remand the matter for immediate calculation of benefits. (*Id.* at 10-12.) The Commissioner requests that the case be remanded to allow the ALJ to reevaluate the PCP's medical opinion and to resolve the inconsistencies between the vocational expert's testimony and the RFC. (*Id.* at 11-12.)

This matter was referred to Magistrate Judge Jaqueline Rateau for a Report and Recommendation. Magistrate Judge Rateau recommends the Court exercise its discretion and remand the case for the immediate award of benefits under the "credit-as-true" doctrine.

## II.     R&R Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The party seeking de novo review must provide "*specific* written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). The clear purpose of this requirement is judicial economy—to permit magistrate judges to resolve matters not objectionable to the parties. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because de novo review of the entire R&R would defeat the efficiencies intended by Congress and Rule 72, a general objection has the same effect as a failure to object. *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *5 (D. Ariz. Dec. 20, 2019).

## III.    Discussion

Under the "credit-as-true" doctrine, a case may be remanded back to the agency for immediate calculation of benefits if:

> (1)     the record has been fully developed and further administrative proceedings would serve no useful

    purpose;

 (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; and

 (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Magistrate Judge Rateau concluded that: (1) the record was fully developed, (2) the ALJ failed to provide legally sufficient reasons for rejecting Evans's symptom testimony, and, (3) if Evan's symptom testimony was credited, the ALJ would be required to find Evans disabled given the vocational expert's testimony that the limitations Evans endorses preclude her from engaging in competitive employment. (Doc. 25 at 26-27.) The Commissioner challenges the Magistrate Judge's determination as to the first and second prongs. (Doc. 26 at 2.) For the following reasons, the Court will overrule the Commissioner's objection and remand this case for immediate calculation of benefits.

### A. Failure to Provide Legally Sufficient Reasons[1]

The Commissioner argues that the ALJ did not err in rejecting Evans's subjective complaints because: (1) Evans's activities contradicted her claims; (2) Evans's complaints were inconsistent with the objective evidence; and (3) Evans's noncompliance with treatment contradicted her complaints. (Doc. 26 at 4-9.)

  1. <u>Evans's Activity Testimony</u>

The Magistrate Judge determined that the ALJ's consideration of Evans's activity testimony was legally flawed because the ALJ failed to cite to record evidence in support of her conclusion that Evans spends "a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." (Doc. 26 at 4-5.) The Commissioner argues that the ALJ properly relied on the standard set out in *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), which permits discounting activity testimony if "the activities are inconsistent with the alleged symptoms." (*See* Doc. 23 at

---

[1] The Court addresses the Commissioner's arguments in order presented in the Commissioner's briefing. (*See* Doc. 26.)

12-13.) As Magistrate Judge Rateau concluded, however, the ALJ did not sufficiently explain how Evans's reported activities relate to the alleged work-preclusive symptoms, and therefore, the ALJ's reliance on Evans's activities of daily living is not a specific, clear and convincing reason to discount her symptom testimony. (Doc. 25 at 16-19.) The Court agrees with Judge Rateau's analysis and concludes that the ALJ erred in its analysis of Evans's activity testimony.

### 2. Complaints Inconsistent with Objective Medical Evidence

The ALJ concluded "objective medical evidence also contradicted [Evans's] claims." (Doc. 26 at 5.) Magistrate Judge Rateau agreed with Evans that "the ALJ's notation of some normal observations from time-limited findings do not 'cancel out' observations and testing results that are consistent with her symptom testimony . . . . " (Doc. 25 at 19.) Judge Rateau thoroughly analyzed the record and the case law in rejecting the Commissioner's argument that objective evidence showed that Evans's pain did not interfere with her functional abilities. (*Id.* at 19-23.) The Court agrees with Judge Rateau's analysis and conclusion and finds that the ALJ erred when discounting Evans's symptom testimony based on limited objective medical evidence.

### 3. Evans's noncompliance with treatment

The ALJ concluded Evans's noncompliance with pain-management treatment contradicted her claims. (Doc. 8-9.) Magistrate Judge Rateau found that the ALJ erred in this conclusion because the ALJ was required, at minimum, to consider the possible reasons for the Evans's failure to follow treatment. *See White v. Comm'r of Soc. Sec. Admin.*, 2023 WL 4862684, at *10 (D. Ariz. July 31, 2023); *see also* SSR 16-3P (S.S.A. Oct. 25, 2017) ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment…"). Review of the record supports the Magistrate Judge's conclusion that the ALJ failed to consider or attempt to reconcile Evans's explanation for any noncompliance. (Doc. 13-3 at 66.) As such, the Court finds that the ALJ erred in discounting Evans's testimony due to noncompliance with pain-management treatment.

In sum, the Court agrees with Magistrate Judge Rateau that the ALJ failed to provide legally sufficient reasons for rejecting Evans' symptom testimony.

### B. Usefulness of Further Administrative Proceedings

The Commissioner objects to Magistrate Judge Rateau's conclusion that the record has been fully developed and further administrative proceedings would serve no useful purpose, asserting there is conflicting evidence in the record. (Doc. 26 at 9.) The Commissioner points to five instances of inconsistency that the Magistrate Judge ignored or discounted: (1) Evans's statement about driving; (2) evidence of Evans's pain improving with treatment; (3) medical findings because they happened at a one-time examination; and (4) the ALJ's analysis of Evans's medication noncompliance. (*Id.* at 9-10.) The Commissioner notes that the Magistrate Judge did identify a potential error in the lack of clarity in dates when Evans was between rheumatologists. (*Id.*) The Commissioner asserts that Magistrate Judge Rateau implicitly recognized there were contradictions in the record, but tried to explain them away. (*Id.* at 9.)

1. Driving

The Commissioner claims Judge Rateau "speculated" that the Evans's statements about driving "may have been a mistake." (Doc. 26 at 9-10.) Judge Rateau determined that the ALJ did not have a substantial basis for concluding that Evans drives. (See AR 63 (ALJ finding that, "She has no driver's license but indicated that she drives.").) As explained by Judge Rateau, in her Adult Function Report, Evans answered the question, "When going out, how do you travel?" by checking the "Walk" and "Drive a car" boxes. (AR 260.) But Evans also answered the question, "Do you drive?" by checking the "No" box and writing, "no license." *Id*. Judge Rateau stated, "The ALJ relied on Evans's check-the-box answer that she drove a car—an answer that could have simply been a mistake—to find that she was not as limited by her symptoms as she claims." (Doc. 25 at 15-16.) The minor inconsistency on the form, regardless of the explanation for it, is not the type of inconsistency that would warrant further proceedings under *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090 (9th Cir. 2014), particularly in light of the other evidence

including that of Evans's fiancé who also indicated that Evans does not drive. (Doc. 25 at 16, n.4.)

### 2. Improvement of pain with treatment

The Commissioner claims the Magistrate Judge "ignored evidence of Evans's pain improving with treatment." (Doc. 26 at 10.) The Commissioner fails to cite to specific evidence of improvement or explain how it amounts to a significant conflict with Evans's symptom testimony. The record does not show that any reports of improvement were sustained, were inconsistent with Evans's reports, or resulted in Evans's ability to return to competitive work.

### 3. One-time examination

The Commissioner claims that "the R&R discounted medical findings because they happened at a one-time examination." (Doc. 26 at 10.) The Commissioner points to the February 2020 consultative examination conducted by Dr. Montijo-Tai which was a psychological exam conducted by a clinical psychologist, not an evaluation of Evans's physical capacity by an M.D. (*See* Doc. 13-8 at 156-165.) As such, the psychologist's observation of Evans's physical state is not the type of inconsistency that warrants remand.

### 4. Medication Noncompliance

The Commissioner claims the Magistrate Judge misread the ALJ's analysis of Evans's medication noncompliance. (Doc. 26 at 10.) As discussed above, Judge Rateau thoroughly analyzed Evans's non-compliance with treatment. The Commissioner does not further develop the specific inconsistencies between the ALJ's analysis and that of the Magistrate Judge regarding Evans's medication non-compliance, nor how further proceedings on the subject would serve a useful purpose.

### 5. Treatment by Rheumatologists

The Commissioner states that the Magistrate Judge recognized a potential error by the ALJ, specifically "a lack of clarity in identifying the dates when Evans was between rheumatologists." (*Id.*) Again, the Commissioner does not describe how further proceedings on the subject would serve a useful purpose.

In light of the above, the Court finds that further administrative proceedings will serve no useful purpose, and that the record is fully developed for the purposes of the credit-as-true inquiry.

## IV.     Conclusion

The court must further "determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Wyman–Gordon*, 394 U.S. at 766 n. 6. Here, there is no serious doubt, crediting Evans's symptom testimony, that Evans is disabled. The vocational expert' testified that such limitations would result in a disability determination. (Doc. 25 at 26-27.) Accordingly,

**IT IS ORDERED:**

1. The R&R (Doc. 25) is **adopted in full**.
2. The decision of the Administrative Law Judge is **reversed.**
3. The Commissioner's objections (Doc. 26) are **overruled**.
4. This case be remanded to the Commissioner for immediate calculation and award of benefit.

Dated this 1st day of October, 2024.

_____
Jennifer G. Zipps
United States District Judge